MAHONING COUNTY BAR ASSOCIATION *v.* MOGUL.

[Cite as *Mahoning Cty. Bar Assn. v. Mogul* (1997), 79 Ohio St.3d 369.]

(No. 96–1996—Submitted March 5, 1997—Decided August 13, 1997.)

370

*Manchester, Bennett, Powers & Ullman* and *C. Scott Lanz;* and *Paul J. Gains,* for relator.

*Michael L. Mogul, pro se.*

---

*Per Curiam.* We accept the board's findings of fact and its conclusion that respondent violated DR 2–110(B)(4) and 6–101(A)(3). It is undisputed that respondent did not withdraw as counsel for eighteen months after the client fired him. Respondent also failed to file a response to the summary judgment motions in the federal district court. These failures to act as a responsible attorney warrant suspension.

Among matters offered in mitigation, respondent blamed his failure to respond to the summary judgment motions on the district court's failure to extend discovery. However, on appeal, the United States Court of Appeals said that "it is abundantly clear that Frank has had sufficient time. Furthermore, he has been so outrageously dilatory in using the time he has been granted that there is no reason to believe giving him more will yield anything but interminable requests for more extensions. He has let deadlines pass without action of any sort. He has not completed the depositions he has noticed. He complained in his brief that appellees were obstructionist but he did not raise that issue before the trial court, nor ask for orders to compel, nor ask for sanctions. * * * He misunderstands the law." *Frank v. D'Ambrosi* (C.A.6, 1993), 4 F.3d 1378, 1384. In light of these findings and the facts as found by the board, we conclude, as did the board, that respondent has not justified his failure to respond to the summary judgment motions.

The panel was concerned about the ability of the respondent "to represent anyone in a competent and careful manner" and concluded that "as a result of [his] testimony at the hearing, his ability and fitness to practice law became

suspect." We too are concerned about respondent's ability to practice and, like the federal court of appeals, we question his understanding of the law. We note, for example, that in his answer to relator's complaint respondent denied that the appellate court found him "outrageously dilatory." "On the contrary," asserts respondent, "it was Robert A. Frank who was found dilatory."

Pursuant to Gov.Bar R. V(7)(C), if mental illness (as defined in R.C. 5122.01[A] ) is alleged in a complaint or answer, or is otherwise "placed in issue," the panel can order a medical or psychiatric evaluation of an attorney. If the board concludes that the attorney suffers from mental illness, this court may suspend the attorney. In this case the board proceeded under the "placed in issue" portion of the rule and referred respondent for psychiatric evaluations. Both evaluating psychiatrists agreed that respondent is not currently fit to practice law and is in need of further evaluation and treatment.

Because the board did not find that respondent was mentally ill, we do not suspend him on that basis. However, respondent's violations of the Disciplinary Rules do warrant a suspension, especially in light of the Sixth Circuit's observations. We also agree with the board that the suspension can be stayed on condition that respondent seek psychiatric treatment. There are no limits on this court's authority to prescribe conditions for probation. See Gov.Bar R. V(6)(B)(4).

Considering respondent's mental state as a mitigating factor, we adopt the board's recommendation and suspend respondent from the practice of law for one year, during the entire period of which he shall be on probation. Pursuant to Gov.Bar R. V(9)(A)(3) the relator shall appoint a monitoring attorney who, in addition to the duties prescribed in Gov.Bar R. V(9)(B), shall assist respondent in inventorying his files and shall observe his practice should the respondent be allowed to resume the practice of law during the probationary period.

The final nine months of respondent's one-year suspension shall be stayed if he meets the following conditions. First, within twenty days of the date of this order respondent shall begin psychiatric evaluation and treatment by a physician approved by the board. Second, within sixty days of the date of this order, respondent shall file with the board and relator a report of the treating physician, which shall specifically indicate whether, in the view of the treating physician, respondent will be fit to resume the practice of law upon completion of three months of the suspension period and what, if any, type of additional treatment is necessary during the remainder of the suspension period. The board shall immediately evaluate the report, taking into account whatever additional evidence it deems necessary, and shall recommend to this court whether it deems respondent capable of resuming the practice of law and whether it believes respondent requires additional treatment. The third condition is that this court,

after considering the recommendation of the board, find that respondent is capable of resuming the practice of law.

Should respondent not begin treatment within twenty days of this order, or not file the report of the treating physician within sixty days of this order, or should the court not find respondent capable of resuming the practice of law, respondent will serve the entire one-year suspension.

The conditions of respondent's reinstatement and termination of probation at the conclusion of his one-year suspension are the following. First, respondent shall have complied with the duties of an attorney on probation set out in Gov.Bar R. V(9)(C). Second, when respondent files his applications for termination of probation and reinstatement, he shall at the same time file with both the board and relator a report of the treating physician, which, based on a one-year observation of respondent, shall indicate whether the treating physician believes respondent is fit to continue or resume the practice of law. Third, based on the report of the treating physician and other evidence, including a report of the monitoring attorney, the board shall file with this court a recommendation as to respondent's fitness to continue or resume practice. Fourth, this court shall find respondent fit to continue or resume the practice of law. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.