[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 369.]

MAHONING COUNTY BAR ASSOCIATION *v.* MOGUL.

[Cite as *Mahoning Cty. Bar Assn. v. Mogul*, 1997-Ohio-381.]

*Attorneys at law—Misconduct—One-year suspension with nine months of the suspension stayed on conditions—Failing to withdraw from employment after being discharged by client—Neglect of an entrusted legal matter.*

(No. 96-1996—Submitted March 5, 1997—Decided August 13, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-63.

_____

{¶ 1} On January 12, 1996, the Mahoning County Bar Association, relator, filed an amended complaint charging in Count One that respondent, Michael L. Mogul of Youngstown, Ohio, Attorney Registration No. 0003688, violated DR 2-110(B)(4) (failing to withdraw from employment after being discharged by a client) and in Count Two that he violated DR 6-101(A)(3) (neglecting a legal matter entrusted to him).

{¶ 2} At a hearing on April 26, 1996 before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") the following evidence was presented with respect to Count One. In March or April 1990, Lornic Corporation, through its president and chief executive officer, Robert Frank, retained respondent as counsel. In May 1990 respondent entered an appearance for Lornic and for Frank personally in two lawsuits pending in the common pleas court. By letter dated January 12, 1994, Frank discharged respondent as attorney for himself and for Lornic. Respondent failed to withdraw from the cases in a reasonable time and failed to return the case files promptly.

{¶ 3} With respect to Count Two the record indicates that in June 1990 respondent filed a case for Frank in federal district court. Respondent filed no

response on behalf of Frank to the defendants' motions for summary judgment even though respondent had received an extension of time to plead. The district court sustained the summary judgment motions against Frank. Respondent then filed several postjudgment motions and an appeal to the Sixth Circuit, which affirmed the district court's judgment.

{¶ 4} The panel concluded that respondent's failure to withdraw from his employment violated DR 2-110(B)(4) and that his failure to respond to the motions for summary judgment violated DR 6-101(A)(3).

{¶ 5} By way of mitigation, respondent argued that he had spent an enormous amount of time on the cases for which he had not been compensated, that he was engaged in a fee dispute with Frank, that Frank was difficult to deal with, that to withdraw from the common pleas court case would have prejudiced Lornic and Frank, that the clients suffered no harm as a result of respondent's failure to act, and that respondent was unable to respond fully to the summary judgment motions because of Frank's lack of cooperation and because the district court cut off discovery prematurely.

{¶ 6} The panel found that if there was a fee dispute, respondent should have resolved it and surrendered the client's files, that the evidence was inconclusive about whether the clients suffered economic harm, and that regardless of respondent's views, once the motion for summary judgment had been filed, he had a responsibility to his clients to protect their interests.

{¶ 7} As a result of respondent's testimony and demeanor at the hearing, the panel ordered a psychiatric assessment of respondent. Respondent was also granted the right to choose a psychiatrist for an independent assessment. While neither report indicated mental illness by clear and convincing evidence, the panel concluded that further examination and treatment were warranted.

{¶ 8} The panel recommended that respondent be suspended from the practice of law for one year. However, all but the first ninety days of the suspension

would be stayed upon the condition that respondent "seek immediate psychiatric evaluation and treatment with a psychiatrist for ongoing evaluation, possible medication, treatment, and psychotherapeutic interventions [and] thorough physical examination and medical evaluation." The panel further recommended that upon completion of the evaluation and treatment a determination be made as to whether respondent is capable of continuing the practice of law. The panel also stated that should respondent not comply with the conditions, he should serve the entire one-year suspension.

{¶ 9} The board adopted the findings, conclusions and recommendations of the panel.

———————————

*Manchester, Bennett, Powers & Ullman* and *C. Scott Lanz*; and *Paul J. Gains*, for relator.

*Michael L. Mogul, pro se.*

———————————

*Per Curiam.*

{¶ 10} We accept the board's findings of fact and its conclusion that respondent violated DR 2-110(B)(4) and 6-101(A)(3). It is undisputed that respondent did not withdraw as counsel for eighteen months after the client fired him. Respondent also failed to file a response to the summary judgment motions in the federal district court. These failures to act as a responsible attorney warrant suspension.

{¶ 11} Among matters offered in mitigation, respondent blamed his failure to respond to the summary judgment motions on the district court's failure to extend discovery. However, on appeal, the United States Court of Appeals said that "it is abundantly clear that Frank has had sufficient time. Furthermore, he has been so outrageously dilatory in using the time he has been granted that there is no reason to believe giving him more will yield anything but interminable requests for more

extensions. He has let deadlines pass without action of any sort. He has not completed the depositions he has noticed. He complained in his brief that appellees were obstructionist but he did not raise that issue before the trial court, nor ask for orders to compel, nor ask for sanctions. * * * He misunderstands the law." *Frank v. D'Ambrosi* (C.A. 6, 1993), 4 F.3d 1378, 1384. In light of these findings and the facts as found by the board, we conclude, as did the board, that respondent has not justified his failure to respond to the summary judgment motions.

{¶ 12} The panel was concerned about the ability of the respondent "to represent anyone in a competent and careful manner" and concluded that "as a result of [his] testimony at the hearing, his ability and fitness to practice law became suspect." We too are concerned about respondent's ability to practice and, like the federal court of appeals, we question his understanding of the law. We note, for example, that in his answer to relator's complaint respondent denied that the appellate court found him "outrageously dilatory." "On the contrary," asserts respondent, "it was Robert A. Frank who was found dilatory."

{¶ 13} Pursuant to Gov.Bar R. V(7)(C), if mental illness (as defined in R.C. 5122.01[A]) is alleged in a complaint or answer, or is otherwise "placed in issue," the panel can order a medical or psychiatric evaluation of an attorney. If the board concludes that the attorney suffers from mental illness, this court may suspend the attorney. In this case the board proceeded under the "placed in issue" portion of the rule and referred respondent for psychiatric evaluations. Both evaluating psychiatrists agreed that respondent is not currently fit to practice law and is in need of further evaluation and treatment.

{¶ 14} Because the board did not find that respondent was mentally ill, we do not suspend him on that basis. However, respondent's violations of the Disciplinary Rules do warrant a suspension, especially in light of the Sixth Circuit's observations. We also agree with the board that the suspension can be stayed on

4

condition that respondent seek psychiatric treatment. There are no limits on this court's authority to prescribe conditions for probation. See Gov.Bar R. V(6)(B)(4).

{¶ 15} Considering respondent's mental state as a mitigating factor, we adopt the board's recommendation and suspend respondent from the practice of law for one year, during the entire period of which he shall be on probation. Pursuant to Gov.Bar R. V(9)(A)(3) the relator shall appoint a monitoring attorney who, in addition to the duties prescribed in Gov.Bar R. V(9)(B), shall assist respondent in inventorying his files and shall observe his practice should the respondent be allowed to resume the practice of law during the probationary period.

{¶ 16} The final nine months of respondent's one-year suspension shall be stayed if he meets the following conditions. First, within twenty days of the date of this order respondent shall begin psychiatric evaluation and treatment by a physician approved by the board. Second, within sixty days of the date of this order, respondent shall file with the board and relator a report of the treating physician, which shall specifically indicate whether, in the view of the treating physician, respondent will be fit to resume the practice of law upon completion of three months of the suspension period and what, if any, type of additional treatment is necessary during the remainder of the suspension period. The board shall immediately evaluate the report, taking into account whatever additional evidence it deems necessary, and shall recommend to this court whether it deems respondent capable of resuming the practice of law and whether it believes respondent requires additional treatment. The third condition is that this court, after considering the recommendation of the board, find that respondent is capable of resuming the practice of law.

{¶ 17} Should respondent not begin treatment within twenty days of this order, or not file the report of the treating physician within sixty days of this order, or should the court not find respondent capable of resuming the practice of law, respondent will serve the entire one-year suspension.

**{¶ 18}** The conditions of respondent's reinstatement and termination of probation at the conclusion of his one-year suspension are the following.  First, respondent shall have complied with the duties of an attorney on probation set out in Gov.Bar R. V(9)(C).  Second, when respondent files his applications for termination of probation and reinstatement, he shall at the same time file with both the board and relator a report of the treating physician, which, based on a one-year observation of respondent, shall indicate whether the treating physician believes respondent is fit to continue or resume the practice of law.  Third, based on the report of the treating physician and other evidence, including a report of the monitoring attorney, the board shall file with this court a recommendation as to respondent's fitness to continue or resume practice.  Fourth, this court shall find respondent fit to continue or resume the practice of law.  Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————